UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

YOONKYUNG KIM,

               Plaintiff,

                                                           **MEMORANDUM & ORDER**

   -against-                                                 **10-CV-3780 (NGG) (LB)**

UNITED STATES (IMMIGRATION OFFICE),

               Defendant.
-----------------------------------------------------------------x
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff YoonKyung Kim, proceeding *pro se*, filed this action on August 9, 2010, in relation to an airplane flight she took from Seoul, South Korea, to New York City's John F. Kennedy International Airport ("JFK") on January 8, 2003.[1] (See Complaint (Docket Entry # 1).) Plaintiff's request to proceed *in forma pauperis* (Docket Entry # 2) is granted for the purpose of this order. For the reasons set forth below, Plaintiff's Complaint is dismissed.

**I.    BACKGROUND**

Plaintiff alleges that, during a 15-hour flight from Seoul, South Korea, to JFK, which landed on January 8, 2003, she became sick and upset. (Complaint at 2, 5, 7, 8-9.) After Plaintiff arrived at JFK, her condition worsened, causing her to shout. (Id. at 2, 7.) Subsequently, the "United States (Immigration Office)" cuffed her ankles, "wrongly [and] without any question [or] notice." (Id. at 2, 11.) Plaintiff was then "detained by force at an office," which may have been the "immigration office." (Id. at 2.) Plaintiff alleges that she was detained at the airport for

---

[1] Plaintiff previously filed another action in this court against Northwest Airlines related to the same flight. The action was dismissed as time-barred. (See Order on Motion to Dismiss, Kim v. Northwest Airlines, 07-CV-3276 (NGG) (LB) (Apr. 21, 2008)).

1

several days, after which someone she knew picked her up, on what may have been "almost" January 11, 12, or 13, 2003. (Id. at 7.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory. A claim is based on an indisputably meritless legal theory when either the claim lacks an arguable basis in law or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations and quotation marks omitted). When reviewing filings from a *pro se* plaintiff, the court must construe them liberally and interpret them as raising the strongest arguments they suggest. See Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009). Nevertheless, a *pro se* complaint, like all complaints, must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## III. DISCUSSION

Plaintiff brings the instant action against the "United States (Immigration Office)." The Defendant appears to be the United States Department of Homeland Security ("DHS"), a component of which is United States Immigration and Customs Enforcement. It is well-settled that the United States and its agencies enjoy sovereign immunity from suit, absent an

"unequivocally expressed" statutory waiver. County of Suffolk, N.Y. v. Sebelius, 605 F.3d 135, 140 (2d Cir. 2010). To the extent Plaintiff is suing DHS or any of its sub-agencies, Defendant is immune from suit.

Even if the court could construe the Complaint as one against specific, though unnamed, federal employees, brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), such an action would be time-barred, since the events in question took place in January 2003, and the statute of limitations for Bivens actions arising in New York is three years, see Tapia-Ortiz v. Doe, 171 F.3d 150, 151 (2d Cir. 1999).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Nicholas G. Garaufis

Dated: Brooklyn, New York  
      December *10*, 2010

NICHOLAS G. GARAUFIS  
United States District Judge